## PALMER *v.* FAGERLIN.

1. BILLS AND NOTES — PUBLIC POLICY — DIVORCE — COMPROMISE
   AND SETTLEMENT.

   A promissory note of defendant, a married man, executed in
   connection with divorce proceedings instituted by defend-
   ant's wife, in partial settlement of property matters, under
   an agreement with the wife's solicitor, prepared and signed
   after the commencement of suit, is not void as against pub-
   lic policy.

2. DIVORCE—ALIMONY—SETTLEMENT BETWEEN PARTIES.

   After an actual separation or the filing of a bill for divorce,
   amicable settlements between the parties relating to their
   property interests are not only lawful but commendable.

Error to Montcalm; Davis, J. Submitted October 20,
1910. (Docket No. 93.) Decided November 11, 1910.

Assumpsit in justice's court by Lucian C. Palmer
against Peter Fagerlin and Fred W. Johnson. A judg-
ment for plaintiff, on appeal to the circuit court, is reviewed
by defendant Fagerlin on writ of error. Affirmed.

*Frank A. Miller* (*R. A. Hawley*, of counsel), for ap-
pellant.

*N. O. Griswold*, for appellee.

BROOKE, J. This is an action in which plaintiff seeks
to recover the sum of $40 and interest; that being the
amount of a promissory note given by defendant to plain-
tiff.

It appears that Ada E. Fagerlin, wife of defendant,
had on August 12, 1908, filed a bill of complaint for a
divorce against her husband, plaintiff herein acting as her
solicitor. On August 26, 1908, the husband, defendant
herein, caused his appearance in said cause to be entered

by Frank A. Miller as his solicitor. On September 3, 1908, Fagerlin, his wife, and her solicitor, had a conference for the purpose of adjusting their property interests. That meeting resulted in the execution of an agreement between Fagerlin and his wife as follows:

"STATE OF MICHIGAN—The Circuit Court for the County of Montcalm, in Chancery.
"Ada E. Fagerlin, Complainant,
             vs.
"Peter Fagerlin, Defendant.
"Whereas, the parties hereto are husband and wife, and disagreements having arisen between them, resulting in application for divorce and alimony, by and on the part of complainant and against defendant; and, whereas, the parties hereto are desirous of making full and complete settlement of all property interests: Therefore, it is hereby agreed as follows:

"*First.* The said complainant doth hereby agree to execute and deliver to said defendant full and complete release of all dower and homestead rights in and to the lands of said defendant that she may have and hold by virtue of their marital relations.

"*Second.* That said defendant, in consideration of the execution and delivery of such release, doth hereby agree to and with the said complainant to properly care for, cut, harvest, and market all of the crops now standing and growing (or in whatsoever form the same may be) and located on the premises of complainant, and give to the complainant one-half thereof.

"*Third.* Said defendant further agrees to give complainant one brood sow, the same designated and agreed upon between them, also ten bushels of oats, also release in full for any claim he may have or hold to certain young stock sold by complainant.

"*Fourth.* Defendant further agrees to pay to L. C. Palmer the just and full sum of $40.00, in lieu of application for solicitor's fees and expense in and about said suit, the same to be payable in cash or by good endorsed note and payable at a time not exceeding one year; said note to be approved by the State Bank of Edmore.

"*Fifth.* Complainant agrees to pay to the said L. C. Palmer the sum of $10.00, at such time as may be agreed upon.

"In witness whereof, the parties to these presents have

hereto set their hands and seals the third day of September, A. D. 1908.

"ADA FAGERLIN.          [L. S.]
"PETER FAGERLIN.          [L. S.]
" Signed, sealed and delivered in the presence of:
    "L. C. PALMER,
    "MARGARET E. BATSON."

The note in suit herein is the one provided for in section 4 of the above agreement. On October 1, 1908, Fagerlin answered his wife's bill of complaint. Section 14 of his answer is as follows:

"This defendant, further answering, avers that on the 3d day of September, A. D. 1908, said complainant and this defendant agreed upon a settlement of their property interests wherein the said complainant agreed to execute and deliver to the defendant a release of all dower and homestead rights in the lands of this defendant that she might hold by virtue of being his wife, and this defendant agreed in consideration of the release to care for, harvest, and market all the crops then growing on her land and give her one-half the same, and further agreed to give her a certain pig and 10 bushels of oats, and release any claim that he had to certain young stock that she had sold. He also agreed to pay her solicitor the sum of $40 in lieu of application for solicitor's fees and expenses in the divorce court, the same to be payable in cash or by good endorsed note, and payable at a time not exceeding one year, said note to be approved by the State Bank of Edmore, and the complainant agreed to pay the said Palmer $10 at such time as might be agreed upon."

Ada E. Fagerlin had instituted another divorce proceeding against defendant about a year before the last one was launched. That suit was abandoned and the parties became reconciled and lived together for some months before the second bill of complaint was filed. From the fact that on December 13, 1909, when this suit was tried, she was still Fagerlin's wife, and appeared as a witness for him, it would appear that the second divorce proceeding has been abandoned. When sued upon the note, defendant gave notice under his plea of the general issue that he would prove that the consideration for the note was il-

legal and against public policy.    After setting out the contract between himself and his wife, he further states:

"At said time and place it was also understood and agreed that the said defendant, Peter Fagerlin, the defendant in said divorce suit, should not appear in said divorce suit, and should not contest the same, but let the same go by default."

Upon the trial, which took place before the judge without a jury, defendant gave evidence tending to support his claim that at the time the agreement was signed he agreed that he would not defend if certain charges made against him in the bill of complaint were eliminated.    His wife was sworn, and testified that:

"*Q*. The object of the settlement at Edmore, as you understood it, was to fix your property matters so that there would be no more dispute about these cattle and no more dispute about the crops growing upon your land, wasn't it?
"*A*. Well, the cattle, he had them.    That didn't bother me anyway, but it was to stop a lawsuit and a great lot of expense.
"*Q*. Over the property?
"*A*. Yes, sir.
"*Q*. There was some talk there about striking out certain charges in the bill of complaint?
"*A*. They didn't say that before me.    They had that talk to themselves.    I didn't hear that."

It is to be noted that defendant filed his answer in the divorce proceeding nearly a month after the contract was made between himself and wife.    He was there represented by competent counsel, and while he sets out the gist of the contract, and apparently relies upon it to defeat any attempt on the part of his wife to secure alimony or solicitor's fees, he fails to make mention of any collusive agreement which would defeat the contract itself.    It seems to us clear from the testimony of the wife, and the conduct of the defendant, after the execution of the contract, that the learned circuit judge was correct in his finding as a fact that there was no collusive agreement be-

tween the parties to this suit. The record shows conclusively that there was no collusion between Fagerlin and his wife relative to the starting of the divorce proceedings. Therefore the authorities cited by defendant are not applicable. This court has consistently held that, after actual separation or the launching of a bill for divorce, amicable settlements between the parties, of their property interests, are not only lawful but are to be commended. *Randall* v. *Randall,* 37 Mich. 563; *Owen* v. *Yale*, 75 Mich. 256 (42 N. W. 817).

The judgment is affirmed.

HOOKER, MOORE, McALVAY, and BLAIR, JJ., concurred.