TITLE & TRUST CO. *v.* JASTER.

1. DIVORCE—PROPERTY, SETTLEMENTS PRESUMPTIVELY VALID.
    Property settlements between husband and wife, made in recognition of an existing separation, and respecting alimony as distinguished from allowance for support of children, and the conveyances made to carry them out, are presumptively valid.

2. HUSBAND AND WIFE—FRAUD—ASSIGNMENTS—NOTICE.
    Notice to a wife's assignee of a land contract that it had been assigned to her by her husband pursuant to a property settlement was not notice of infirmity, where both the assignment to her and the property settlement were regular and valid on their faces.

3. FRAUD—ONE WHO ASSERTS FRAUD HAS BURDEN OF PROOF.
    Generally, one who asserts fraud or duress as respects instruments of conveyance, has the burden of proving it.

¹Contracts, 13 C. J. § 406; Divorce, 19 C. J. § 787; 60 L. R. A. 406; ²Husband and Wife, 30 C. J. § 314 (Anno); ³Deeds, 18 C. J. §§ 512, 514; Fraud, 27 C. J. § 170.

4. FRAUDS, STATUTE OF — ASSIGNMENT OF LAND CONTRACT — EX-
CEPTIONS TO STATUTE.

> Actual surrender of a land contract, payment of considera-
> tion, taking and keeping possession of the property, and
> exercising dominion over it constitute a surrender by
> operation of law within the exception of the statute of
> frauds (3 Comp. Laws 1915, § 11975), although no assign-
> ment in writing was made.

5. JUDGMENT—ASSIGNEE OF A LAND CONTRACT NOT A PARTY TO
A SUIT NOT AFFECTED BY DECREE—LIS PENDENS.

> Where a husband assigned a land contract to his wife in
> a property settlement, and she assigned it back to the
> vendor for a consideration, the vendor and its grantees,
> not being parties to the divorce suit, are not affected by
> the decree therein setting aside said assignment to the
> wife, nor are their rights impaired by the husband's filing
> a *lis pendens* in connection with the divorce suit.

Appeal from Wayne; Sample (George W.), J., pre-
siding.    Submitted October 19, 1927.    (Docket No.
72.)    Decided January 3, 1928.

Bill by the Title & Trust Company against Andrew
Jaster and another to remove a cloud upon title to
land.    From a decree for defendants, plaintiff appeals.
Reversed, and decree entered for plaintiff.

*Renaud & Hulett* (*George P. Coash,* of counsel), for
plaintiff.

*A. F. Freeman,* for defendant Jaster.

CLARK, J.    The bill was filed to remove cloud on
title.    Andrew Jaster, on April 19, 1919, purchased
from Faunce Realty Company, a Michigan corpora-
tion, six lots in Columbus Park, No. 1, township of
Springwells, county of Wayne.    He made a down pay-
ment and paid some later installments of the purchase
price.    He got into difficulty with his wife.    She filed

---

[*]Frauds, Statute of, 27 C. J. § 221; 19 L. R. A. (N. S.) 879;
38 A. L. R. 294; 25 R. C. L. 579; 4 R. C. L. Supp. 1592; 6 R.
C. L. Supp. 1477; [5]Judgments, 34 C. J. § 1442; Lis Pendens, 38
C. J. § 95 (Anno).

bill for divorce. The record shows no children born of the marriage.

On May 2, 1921, Jaster and his wife, each aided by reputable counsel, made and entered into a property settlement under the terms of which Jaster agreed to assign the land contract to the wife, which he did the same day. The assignment was indorsed on the contract and signed by Andrew Jaster. On November 3, 1921, Mrs. Jaster surrendered the contract to Faunce Realty Company for a consideration paid and the company entered into possession of the lots, paid taxes, and sold the lots to various third parties on land contracts.

Later, and on May 4, 1923, Andrew Jaster filed in the divorce case an amended answer and cross-bill and a *lis pendens* was also filed with respect to the lots in question. On December 5, 1924, Jaster was granted a decree of divorce, Mrs. Jaster not appearing, of which counsel states that her whereabouts then were unknown. The decree of divorce purports to set aside the property settlement and to restore the lots to Jaster. Jaster deeded the lots to defendant Jordan, who later, it is said, reconveyed them to Jaster. Faunce Realty Company conveyed by deed the lots to plaintiff, subject to the contracts outstanding, which plaintiff agreed to fulfill.

In the trial Jaster gave some testimony to the effect that the property settlement had been procured from him by duress. The weight of evidence is to the contrary, but we think the question not necessary to decision. There is a mass of other facts, so-called, which in our view of the case need not be stated. Defendants had decree. Plaintiff has appealed.

Jaster's assignment of the land contract to his wife was regular and valid on its face as was also the property settlement. That the Faunce Realty Company was told that the assignment had been made pur-

suant to a property settlement between the Jasters was not a notice of infirmity. Such settlements, made in recognition of an existing separation and respecting alimony, as distinguished from allowance for support of children, and the conveyances made to carry them out, are presumptively valid.

It was held in *Palmer* v. *Fagerlin,* 163 Mich. 345, 349:

"This court has consistently held that, after actual separation or the launching of a bill for divorce, amicable settlement between the parties, of their property interests, are not only lawful but are to be commended. *Randall* v. *Randall,* 37 Mich. 563; *Owen* v. *Yale,* 75 Mich. 256."

And, see, *In re Berner's Estate,* 217 Mich. 612, where the matter is discussed.

In any event Jaster was under no legal disability. He was free to convey property to his wife. Neither she nor her assigns had the burden of negativing fraud or duress. That burden generally, as respects instruments of conveyance, is upon him who asserts the fraud or duress. The Faunce Realty Company, when it accepted surrender of the contract from Mrs. Jaster and paid her the consideration and took possession of the lots, did so innocently and without knowledge or notice of Jaster's belated claim of duress.

Although the record fails to show a surrender in writing of the contract, the actual surrender, the payment of the consideration, and the taking and keeping possession of the property and exercising dominion over it clearly constitute a surrender by operation of law, excepted by section 11975, 3 Comp. Laws 1915; *Hall* v. *Proctor,* 221 Mich. 400; *Stevens* v. *Wakeman,* 213 Mich. 559, 569; 19 L. R. A. (N. S.) 879, note; 25 R. C. L. p. 579. The Faunce Realty Company and those who claim from or under it, including plaintiff, were not parties to Jaster's divorce case, and are, with

respect to the lots in question, not at all affected by the decree in that cause.    The rights of Faunce Realty Company, upon surrender of the contract, became fixed and were not impaired by Jaster's later filing a *lis pendens* in connection with his suit for divorce.    Plaintiff, grantee of Faunce Realty Company, succeeds to its rights and stands in its shoes, likewise without prejudice because of the *lis pendens*.

We have considered all questions raised, and think further discussion not merited.

The decree is reversed, with costs in both courts. Plaintiff will have decree to be settled in the usual way.

FLANNIGAN, C. J., and WIEST, MCDONALD, BIRD, and SHARPE, JJ., concurred.    FELLOWS, J., did not sit.

The late Justice SNOW took no part in this decision.