DANA CORPORATION *v*. EMPLOYMENT SECURITY
COMMISSION.

1. STIPULATIONS—PRACTICE—QUESTIONS OF FACT.

   The practice of submission of questions to any adjudicating
   forum, judicial or quasi-judicial, on stipulation of fact is
   praiseworthy in proper cases, since it eliminates costly and
   time-consuming hearings, and narrows and delineates issues.

2. SAME—APPROVAL.

   Once a stipulation of fact has been received and approved by
   a hearing officer or a judge, it is sacrosanct and not subject
   to alteration by the adjudicating officer.

3. SAME—APPROVAL—DEVIATION—DUE PROCESS.

   Parties to a stipulation of fact, which has been received and
   approved by an adjudicating officer foreclose themselves from
   making any testimonial or other evidentiary record, hence, any
   deviation therefrom results in a denial of due process.

4. SAME—REJECTION—ACCEPTANCE.

   A hearing officer or judge may reject any offered stipulation as
   incomplete or legally erroneous but the time for doing so is
   before final acceptance of the stipulation, not after.

5. SAME — CORRECTED VERSION — UNEMPLOYMENT COMPENSATION —
   QUALIFIED EMPLOYER—CONSTRUCTION OF STATUTES.

   Corrected version of stipulation is accepted and used as a basis
   for reviewing action of referee and appeal board of employ-
   ment security commission and circuit court, where referee had
   omitted, after accepting, a portion of the stipulation which
   stated an ultimate fact that limited the interpretation of the
   term *qualified employer* as used in sections of the employment
   security act for the purpose of the case (CLS 1956, §§ 421.19,
   421.22).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Stipulations § 2.
[2–4, 7] 50 Am Jur, Stipulations § 9.
[5, 6] 50 Am Jur, Stipulations §§ 8, 9.

6. Same — Acceptance — Alteration — Unemployment Compensation.

  A referee of the employment security commission is without authority to alter the terms of a stipulation, after he has accepted it, either by omitting anything therefrom or adding thereto (CLS 1956, §§ 421.19, 421.22).

7. Unemployment Compensation — Stipulations — Qualified Employer—Findings of Referee and Appeal Board.

  Finding of appeal board of the employment security commission that plaintiff transferee of a business was a *qualified employer,* as the term is used in the employment security act, was not permissible, where an accepted stipulation provided that plaintiff was not a *qualified employer* unless it acquired such status by virtue of the transfer to it of a portion of the rating account balance of the transferor, a status which the plaintiff vigorously denied, hence, plaintiff's contribution rate was that of an employer not qualified as it had had no employees in this State prior to the transfer (CLS 1956, §§ 421.19, 421.22).

8. Same—Qualified Employer.

  The term *qualified employer,* as used in the employment security act, must be considered to have a constant meaning (CLS 1956, §§ 421.19, 421.22).

Appeal from Ingham; Coash (Louis E.), J. Submitted June 6, 1963. (Calendar No. 23, Docket No. 49,555.) Decided September 4, 1963.

Certiorari by Dana Corporation, a Virginia corporation, against the Michigan Employment Security Commission, and its appeal board, challenging determination of contribution rate. Judgment upholding determination made by board. Plaintiff appeals. Reversed and remanded.

*Dickinson, Wright, McKean & Cudlip* (*Richard C. Van Dusen,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John J. Long,* Assistant Attorney General, for defendant.

O'Hara, J.    Dana Corporation, plaintiff-appellant and the Michigan employment security commission stipulated facts before a referee of that commission to whom Dana Corporation had appealed from an administrative redetermination of its contribution rate on its chargeable payroll for employment security tax purposes for the year 1957.

Successive decisions by the referee, the appeal board majority, and the circuit court of Ingham county, affirmed the administrative decision.

The question on appeal to this Court is identically stated by appellant and appellee:

"Was appellant, Dana Corporation, on June 30, 1956, a 'qualified employer,' as that term was used in sections 19 and 22 of the Michigan employment security act?"[1]

The stipulation of facts printed in the joint appendix of record in this Court is at variance with the stipulation of facts quoted in appellant's brief. The italicized portion of the following quotation was omitted from the joint appendix:

"Consequently it [Dana] was not, on September 1, 1955, a 'qualified employer' under section 19 (a) (1) of the act, *unless it acquired such status by virtue of the transfer to it of a portion of the rating account balance of Murray Corporation of America as hereinafter described, which conclusion Dana Corporation vigorously denies.*"

The referee also omitted all of the foregoing quotation in his opinion—which is part of the appendix —with the following observation:

"(NOTE: Omissions consist of legal conclusions, not factual data, and are left out by the referee to avoid confusion.)"

---

[1] As in effect in 1956, see CLS 1956, §§ 421.19, 421.22 (Stat Ann 1955 Cum Supp §§ 17.520, 17.524).—Reporter.

The omitted portion of the stipulation while stated in legal conclusionary terms is also a statement of ultimate fact which limited the interpretation of the term "qualified employer" as used in sections 19 and 22 of the involved statute, for the purpose of this case.

When the inconsistency was noted in this Court, we directed the clerk to inquire of both counsel which version of the stipulation was actually agreed upon before the referee. Counsel apprise us by letter to our clerk that the omitted language was contained in the stipulation and should have been included in the joint appendix. We accept, therefore, the corrected version as controlling.

From this acceptance it follows that the referee was without authority to alter the terms of the stipulation by any omission therefrom, as much as by any addition thereto.

To the bench, the bar, and administrative agencies, be it known herefrom that the practice of submission of questions to any adjudicating forum, judicial or quasi-judicial on stipulation of fact, is praiseworthy in proper cases. It eliminates costly and time-consuming hearings. It narrows and delineates issues. But once stipulations have been received and approved they are sacrosanct. Neither a hearing officer nor a judge may thereafter alter them. This holding requires no supporting citation. The necessity of the rule is apparent. A party must be able to rest secure on the premise that the stipulated facts and stipulated ultimate conclusionary facts as accepted will be those upon which adjudication is based. Any deviation therefrom results in a denial of due process for the obvious reason that both parties by accepting the stipulation have been foreclosed from making any testimonial or other evidentiary record.

This is not to say, of course, that the hearing officer or judge may not reject any offered stipulation as incomplete or legally erroneous. The concerned adjudicator has not only that right—he has that duty. But as previously indicated, the time so to do is before final acceptance of the stipulation, not after.

The most cursory review of the record here reveals that the majority of the appeal board, by disregarding the omitted portion, reached a conclusion not probable and perhaps not even possible had the omission been considered.

The majority appeal board decision recites:

"It is the opinion of this appeal board that the position assumed by Dana Corporation [that there was a break in the 36-month period, preventing it from being a 'qualified employer'] is not tenable for the reason that Dana Corporation at all times during the times involved in this case was an 'employer' within the meaning of section 41 of the act, and, *being such 'employer,' continued at all such times to be a 'qualified employer' within the meaning of section 19(a)(1) of the act since there is no way provided in the act by which an 'employer' under section 41 of the act can be divested of his character as a 'qualified employer' in the sense of section 19(a)(1) of the act."* (Emphasis supplied.)

Such finding, of course, as urged by appellant, is at complete variance with the accepted stipulation that:

"Between December 26, 1954, and September 1, 1955, Dana had no employees in Michigan. *Consequently, it was not on September 1, 1955, a 'qualified employer' under section 19(a)(1) of the act unless it acquired such status by virtue of the transfer to it of a portion of the rating account balance of Murray Corporation of America, as hereinafter de-*

*scribed,* which conclusion Dana vigorously denies."
(Emphasis supplied.)

It cannot be stipulated that appellant "was not a
'qualified employer' under section 19(a)(1) of the
act *unless it acquired such status by virtue of the
transfer to it of a portion of the rating account of
Murray Corporation,"* and at the same time base a
finding that it was a "qualified employer" because
"there is no way provided in the act by which an
employer under section 41 of the act can be divested
of his character as a 'qualified employer' in the sense
of section 19(a)(1) of the act."

Irrespective of the effect of the stipulation, how-
ever, the minority opinion of the appeal board is,
we believe in accord with the intent of the statute
under ordinary rules of construction. The pertinent
excerpt is here quoted:

"It is my conclusion, therefore, that as of the date
of the transfer from Murray Corporation to Dana
Corporation, * * * *the transferor was not a
'qualified employer' by virtue of the negative balance
being transferred to the solvency account as of the
previous computation date, June 30, 1955.* Under
these circumstances Dana Corporation, the trans-
feree, had an election under the act to become or not
become a 'qualified employer' by replacing or not
replacing a proportionate share of the negative
balance in the solvency account. Dana Corporation
elected not to make such replacement and not to
become a 'qualified employer.'

"It is my conclusion, therefore, that Dana Corpo-
ration was not in respect to the year 1957 a 'qualified
employer' within the meaning of section 19(a)(1) of
the act, and that, therefore, its contribution rate for
1957 should have been established at 2.7%. in ac-
cordance with section 13[2] of the act." (Emphasis
supplied.)

---

[2] CLS 1956, § 421.13 (Stat Ann 1960 Rev § 17.513).—Reporter.

This legislative intent is indicated by the use of the distinguishable terms—"qualified employer" and "employer." The option granted in subdivision (b) (3) of the statute[3] in the following language is also compelling of the rationale of the minority opinion:

"If on the date of the transfer the transferor was not a 'qualified employer' under subsection (b) of section 19 of this act because a negative balance had been transferred from his rating account to the solvency account on 1 or more of the 3 immediately preceding computation dates, the transferee shall nevertheless be deemed a 'qualified employer' *if* he replaces his proportionate share of all negative balances which had been transferred from the transferor's account to the solvency account on all such computation dates." (Emphasis supplied.)

The quotation marks enclosing the term "qualified employer" are the legislature's, indicating to us the special and distinguishable nature of the term, and that term must be considered to have a constant meaning. For this reason, we do not completely understand, nor can we accept as correct the statement in the majority opinion:

"The word 'qualified' remains constant in meaning but it is impossible that the term 'qualified employer' can remain fixed and unalterable regardless of the exigencies of context."

We are of the opinion that had the legislature so intended it would have enclosed only the word "qualified" in quotes and not the phrase "qualified employer."

We need not discuss the opinion of the trial judge. It was delivered from the bench and consisted of an adoption of the majority opinion which we have here analyzed.

[3] As in effect in 1956, see CLS 1956, § 421.22 (Stat Ann 1955 Cum Supp § 17.524).—REPORTER.

The judgment affirming the decision of the Michigan employment security commission is reversed. The cause is remanded, with instructions to enter an order fixing appellant's contribution rate at 2.7% for 1957.

Under the circumstances of this record, we believe appellant should have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and SMITH, JJ., concurred.