SHAHAN v SHAHAN

JUDGMENT—CONSENT JUDGMENT—TRIAL JUDGES—CHANGES IN CON-
    SENT JUDGMENT—STIPULATION—AMENDMENTS.
    Conditions agreed to in a consent judgment may not be altered by
    a trial judge; the parties, by mutual agreement, may change
    the terms by stipulation and amendment.

Appeal from Houghton, Stephen D. Condon, J.
Submitted February 1, 1977, at Detroit. (Docket
No. 28983.) Decided March 31, 1977.

Complaint by Carmen L. Shahan against Buck-
ner M. Shahan seeking a divorce. Judgment of
divorce granted. Order entered modifying the
property settlement in the judgment. Plaintiff ap-
peals. Reversed and remanded.

*Talhelm & Smith,* for plaintiff.

*William A. Harper,* for defendant.

Before: N. J. KAUFMAN, P. J., and V. J. BRENNAN
and O'HARA,* JJ.

O'HARA, J. This is an appeal from an order
compelling sale of entirety interest in property in
an amount fixed by the trial judge. The wife,
plaintiff below and appellant here, appeals of
right.

The grounds for divorce were not contested. A

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur 2d, Judgments §§ 897, 1080 *et seq.*

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

property settlement was agreed upon in the following excerpt from the judgment.

"It is further ORDERED AND ADJUDGED that the eighty (80) acre parcel owned jointly by the parties in Newaygo County, Michigan, shall remain as joint property of the parties; however BUCKNER M. SHAHAN, Defendant, shall have the right to purchase the interest which CARMEN L. SHAHAN, Plaintiff, has in said property at any time in the future that he desires. The price that BUCKNER M. SHAHAN agrees to pay CARMEN L. SHAHAN, for her interest in said property is to be one-half (1/2) the amount agreed upon by two (2) appraisers as the fair market value of said property. One of the appraisers shall be selected by CARMEN L. SHAHAN and one shall be selected by BUCKNER M. SHAHAN. If these two appraisers are unable to agree as to the fair market value of said real property, then in such an event, the two appraisers shall agree on a third appraiser and when two of the three appraisers agree as to the fair market value of the property, that amount shall be determined as the fair market value of the property."

Defendant husband declared his intention to purchase plaintiff wife's interest.

One appraiser, plaintiff wife's, established his figure on the basis of $250 per acre for the 78-acre tract. This by simple multiplication equals $19,500. One half of that figure is $9,750.

For some reason that is not clear on the record, this same appraiser then modified this estimate by affidavit submitted on behalf of the defendant husband; and fixed the value at $10,000. Half of that is $5,000. Then the defendant husband offered from the witness stand to up the figure to $6,000.

By this time we can imagine the learned trial judge became fed up with the situation and decided to take the matter into his own hands. He fixed the value of the wife's interest at $6,000.

We are sympathetic to his well-intentioned attempt to do equity. Perhaps the law would be better had he been able to. However, and it is a crucial "however", such is not the law. Seldom has the Supreme Court spoken in such unequivocal terms as it did in the case which controls this controversy, *Dana Corp v Employment Security Commission,* 371 Mich 107; 123 NW2d 277 (1963), a case not cited by either party:

"To the bench, the bar, and administrative agencies, be it known herefrom that the practice of submission of questions to any adjudicating forum, judicial or quasi-judicial on stipulation of fact, is praiseworthy in proper cases. It eliminates costly and time-consuming hearings. It narrows and delineates issues. But once stipulations have been received and approved they are sacrosanct. Neither a hearing officer nor a judge may thereafter alter them." *Dana Corp, supra,* at 110.

If this be true of a simple stipulation of fact, it is all the more true of a condition agreed to in a consent judgment.

The trial judge was powerless to alter the plain unambiguous terms of the proviso.

The order entered by the trial judge is vacated. If both parties are satisfied to repudiate the quoted proviso and leave the matter to the trial court's judgment, it can be accomplished by stipulation and amendment.

That is their business. Otherwise the determination of value must follow meticulously the terms incorporated in the original consent judgment of divorce.

The cause is remanded to the trial court for disposition in accordance herewith. Costs to appellant wife.