### KLINE v KLINE

Docket No. 78-4468. Submitted June 12, 1979, at Lansing.—Decided
   August 21, 1979.

   Plaintiff, Dr. Robert L. Kline, filed a complaint for divorce from
   defendant, Dorothy A. Kline, in the Oakland Circuit Court. At
   a hearing before Robert L. Templin, J., it was disclosed that the
   parties had reached a negotiated settlement whereby the defen-
   dant was to receive custody of the minor children and $600 per
   month child support for a certain period and $900 per month
   thereafter. Defendant was to receive the marital home, $30,000
   within 90 days and $55,000 to be paid over 11 years. Each
   party was to receive his own personal property and life insur-
   ance policies. Plaintiff was to receive his pension and profit
   sharing accounts, his office building, his dental practice and his
   interest in a partnership in Stonybrook Apartments. The par-
   ties could not agree as to the disposition of the automobiles, so
   the court granted one to plaintiff and two to defendant. As
   security for the payment of the $55,000, plaintiff agreed to
   purchase a decreasing term life insurance policy and give
   defendant a lien on his office building, and plaintiff was prohib-
   ited from making any withdrawals from his pension and profit
   sharing accounts without approval. Additional terms of settle-
   ment were spelled out, including visitation rights and medical
   insurance coverage for the children. The court specifically
   rejected automatic review of child support in one year. The
   court took testimony concerning the breakdown of the mar-
   riage relationship and the aspects of the divorce and granted
   plaintiff a divorce under the terms agreed to by the parties. No
   judgment was filed. Two days after the child support was to
   increase to $900 per month, plaintiff moved to continue child
   support at $600 per month, alleging a change of condition.
   Fifteen days later plaintiff moved for entry of judgment of
   divorce and attached a proposed judgment. Six days later the

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 896.
[2, 5] 24 Am Jur 2d, Divorce and Separation § 841.
[3, 4] 24 Am Jur 2d, Divorce and Separation § 720.

court ordered plaintiff to pay $900 per month child support as agreed and seven days later a hearing was held on plaintiff's motions. The court referred the matter to the Friend of the Court and a hearing was held but never concluded and no report was ever made. Several months later defendant moved for entry of judgment. A hearing was held and the court signed and filed the judgment proffered by defendant. Plaintiff moved to stay enforcement of the judgment pending appeal, to amend the judgment and for a hearing on the disputed issues. After hearing the court denied the motions. Plaintiff appeals. *Held:*

1. The parties to a divorce cannot conclusively agree, to the exclusion of the trial court, to matters of alimony, custody of minor children and child support payments.

2. Property settlements reached through negotiations and agreement by the parties in a divorce action should be upheld by the courts, including the trial court, in the absence of fraud, duress or mutual mistake, whether the settlement is in writing and signed by the parties or their representatives or is orally placed on the record and consented to by the parties. The judgment entered corresponded to the agreement of the parties and was proper except as to the provision for interest on future periodic payments on the $55,000.

3. The assessment of interest upon a judgment for past due child support payments is within the sound discretion of the court, but the court may not award interest prospectively in contemplation of default. Prospective assessment of interest on default of child support payments ignores the factual circumstances that would attend such future default.

4. An oral stipulation of settlement of the issue of child support is binding upon the parties in a divorce when the court accepts it, and the court may rely upon it and enter a judgment accordingly, even after motions to modify the support have been filed and the court has ordered a hearing on the motions. The trial court did not err in entering judgment.

Remanded for modification of judgment.

1. DIVORCE — COURTS — PROPERTY SETTLEMENTS.

Property settlements reached through negotiations and agreement by the parties in a divorce action should be upheld by a trial court in the absence of fraud, duress or mutual mistake, whether the settlement is in writing and signed by the parties or their representatives or is orally placed on the record and consented to by the parties.

2. DIVORCE — STIPULATIONS — CUSTODY — ALIMONY — CHILD SUP-
   PORT — COURTS.

The parties to a divorce cannot conclusively agree, to the exclu-
sion of the trial court, to matters of alimony, custody of minor
children and child support payments.

3. DIVORCE — CHILD SUPPORT — INTEREST ON CHILD SUPPORT.

The assessment of interest upon a judgment for past due child
support payments is within the sound discretion of the court,
but the court may not award interest prospectively in contem-
plation of default; prospective assessment of interest on default
of child support payments ignores the factual circumstances
that would attend such future default.

4. DIVORCE — PROPERTY SETTLEMENT — INTEREST.

A trial court may not alter the terms of a property settlement
reached by the parties in a divorce action absent fraud, duress
or mutual mistake, and it was error for a trial court to provide
for interest on periodic future payments not paid on time
where the property settlement made no provision for interest.

5. DIVORCE — CHILD SUPPORT — STIPULATION — BINDING EFFECT OF
   STIPULATION.

An oral stipulation of settlement of the issue of child support is
binding upon the parties in a divorce when the court accepts it,
and the court may rely upon it and enter a judgment accord-
ingly, even after motions to modify the support have been filed
and the court has ordered a hearing on the motions.

*Bushnell, Gage, Reizen & Byington,* for plaintiff
on appeal.

*Frederick W. Lauck,* for defendant.

Before: ALLEN, P.J., and T. M. BURNS and D. E.
HOLBROOK,* JJ.

D. E. HOLBROOK, J. This appeal is by right by
plaintiff-appellant, Robert L. Kline, from various
orders issued by the Oakland County Circuit Court
denying numerous motions made by the plaintiff

---

* Former Court of Appeals Judge, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

subsequent to the trial court's entry of a judgment of divorce and property settlement between the plaintiff and his wife, defendant-appellee Dorothy A. Kline.

Plaintiff husband filed a complaint for divorce from his wife on November 26, 1976. There were two minor children, whose custody was to be determined, and property was to be divided.

This action was somewhat complex and the proceedings extended over a year and a half.

On July 13, 1977, and October 12, 1977, the matter was referred to the Friend of the Court for taking testimony and formulating recommendations concerning custody, child support and distribution of assets. Testimony was taken on the matter August 15, 1977, February 23, 24, 27, 28, March 3, and 7, 1978, and extensive findings of fact and recommendations were made by the Friend of the Court. In accord with the statutory criteria set forth in MCL 722.23; MSA 25.312(3) the referee recommended that custody be awarded to the defendant-mother with the plaintiff-father paying child support of $600 per month for both children with an automatic raise to $900 per month for the two children as of May 1, 1978. The referee also recommended that the net assets of the parties be equally divided. Total net assets were valued at just over $250,000.

The matter was heard before the circuit court on March 9, 1978. The record discloses that the parties were able to reach a negotiated settlement at the time of the hearing. The content of the settlement showed that defendant was to receive custody of the children with $600 per month in child support to be paid by plaintiff and increase to $900 per month on May 1, 1978, as recommended by the referee. Defendant was to receive

the marital home, $55,000 to be paid over a period of 11 years of monthly payments commencing July 1, 1978, and $30,000 in cash within 30 days of the hearing. All other assets were awarded the plaintiff, including all of his pension and profit sharing accounts in the parties' joint names (except defendant's own personal checking account), plaintiff's office building, his dental practice and all assets related to it, and his interest in a partnership in Stoneybrook Apartments. Each was to receive his or her own personal property. Defendant was to keep a life insurance policy on her own life. The only part of the parties' property that had not been agreed upon was their three cars. The trial judge awarded plaintiff one and the other two to defendant.

Plaintiff's counsel also stated:

"Of the household furnishings, it's been agreed that Dr. Kline would get his stereo, and I understand there is no questions in the parties' minds as to which stereo that is; his bedroom set that he is now using, and two chairs that were originally in his office and I think the parties know which two chairs they are."

The following exchange then took place between defendant's counsel (Mr. Lauck), the plaintiff and plaintiff's counsel (Ms. Burgoyne):

"MR. LAUCK: All right. Now, if there is anything in the household you want that hasn't been stated, please do so now, and we'll tell you whether we have any objection to it. The stereo, the bed set in your bedroom the two chairs originally in your office; anything else?

"DR. ROBERT KLINE: Well, what happens to the value of everything else? Do I get credit for it?

"MR. LAUCK: Well, there's about twenty-nine hundred dollars involved, and I think, by the time you

deduct what you're taking out, maybe we're dealing with two thousand, twenty-two hundred, or something like that, but if there's anything else you'd like, we'd be glad to give it to you.

"MS. BURGOYNE: Your Honor, look, there's household goods. My client says he wants the stereo, the bedroom set and two chairs. Now, the value of that was included in our original negotiations, so, technically, when we made the agreement that whole $3,000 worth of furniture is on his side, that is what I was trying to say before, but he says that he's satisfied with the stereo, the bedroom set and the two chairs that have been in his office. Now, do you want anything else from the house, Dr. Kline, or do you want to leave that open?

"MR. LAUCK: I'd rather not leave anything open, if possible.

"THE COURT: I think we should nail everything down as close as possible.

"MR. LAUCK: Except the chairs."

As security for payment of the $55,000 settlement, plaintiff agreed to purchase a declining value term life insurance policy. The defendant was also given a lien on the plaintiff's office building as security for the $55,000 settlement. As additional security, plaintiff was prohibited from making any withdrawals from his pension and profit sharing account without prior approval.

Additional terms of the settlement were spelled out, including visitation rights and medical insurance coverage for the children.

The trial court rejected automatic review of child support one year hence, observing:

"THE COURT: I don't think that's really necessary. Certainly if the Plaintiff is making more money, or less, or making more money, then I'm sure the Defendant is going to come in and want to increase it. If he's making less money, he'll probably move to have it decreased, but I don't think that's necessary to have it in there."

The plaintiff then took the witness stand and testified about the breakdown of the marriage relationship and other aspects of the divorce, including child custody, and was then asked by his own attorney:

"Q. All right. Now, you have heard the statements on the record about the child support as was recommended by the Friend of the Court, and about the property settlement, and are you agreeable to the contents if the Court orders those as stated?

"A. Yes, I am."

At the close of the hearing the trial court ruled:

"THE COURT: * * * the Court is so satisfied with the testimony of the Plaintiff herein, Robert L. Kline, as to the basis and grounds for his divorce action. The Court will grant a Judgment of absolute divorce from the Defendant, Dorothy A. Kline, and the Court will award custody of the two minor children to the Defendant wife and set support as indicated by agreement of the parties, and, also, the court will include in the Judgment to be prepared by counsel provisions relative to the disposition of the property between the parties.

The Court wants to compliment counsel in this matter and the parties in resolving what has been the most complex and demanding divorce action."

On May 3, 1978, plaintiff moved to continue child support at $600 per month alleging a change in conditions. Defendant answered denying a change in conditions, and moved for the return of several items of furniture to her taken by plaintiff contrary to the terms of the settlement in open court and moved for interest on unpaid sums due thereunder.[1] On May 18, 1978, plaintiff moved for

---

[1] Plaintiff had paid $20,000 of the $30,000 payable according to the stipulation of settlement and $10,000 was still unpaid. Also, the monthly payments were not paid.

entry of judgment of divorce, according to a proposed judgment attached thereto. Plaintiff filed three answers to the defendant's motions. On May 24, 1978, the trial court ordered plaintiff to pay child support payments of $900 per month effective May 1, 1978. On May 31, 1978, a hearing was held on plaintiff's motions to continue payments at $600 per month and for the court to sign and enter plaintiff's proposed judgment.

The court referred the matter again to the Friend of the Court and a hearing was held in accord therewith but never concluded nor was there a report made. The attorneys were unable to agree as to how to proceed and complete the case.

On August 16, 1978, defendant moved for entry of judgment of divorce, which was noticed for August 30, 1978. Service was had on plaintiff's counsel.

A hearing was held in the matter on August 29, 1978. On August 30, 1978, plaintiff filed an answer to defendant's motion for entry of judgment of divorce.

The trial court signed and filed a judgment of divorce on September 1, 1978, which was very similar to the proposed judgment of divorce proffered by plaintiff.

On September 8, 1978, plaintiff filed a motion for an order staying enforcement of the objected-to portions of the judgment of divorce pending appeal to this Court. On the same day plaintiff filed a motion to amend the divorce judgment and for an evidentiary hearing or a new trial on the disputed issues.

After a hearing the trial court denied the motion for a hearing on the matter, and, alternatively, to continue the referee's hearing. The plain-

tiff's motion to modify the judgment on the various interest provisions was denied.

Three or four technical modifications to the judgment were made by stipulation of the parties and the concurrence of the court. The issue of the return of the five items of personalty taken by plaintiff from the marital household in violation of the parties' agreement was thoroughly discussed and resolved as follows.

Ms. Burgoyne stated:

"Now, the stereo speakers and the chairs and the personal TV set, should all be deleted from that order because that was awarded on the record on March 9th to him. The dinette set and the four chairs and the coffee table, that's unreasonable, it wasn't on the record, but if we're going to go by what's on the record, that is petty and unreasonable. It wasn't on the record, I agree."

In denying the motion the trial court ruled that it:

"* * * certainly will go along with the record and enforce what is in the record.

\*   \*   \*

"we're going to stick right to the record."

However, defendant's attorney agreed to permit plaintiff to keep the two auxiliary stereo speakers listed in the judgment as belonging to the defendant.

Finally, an order to stay an increase in child support pending the outcome of an appeal to this Court was also denied.

Written orders were signed and entered pursuant to the above rulings on October 10, 1978. Plaintiff filed a timely claim of appeal from these orders with this Court.

There are two issues to be addressed and resolved in this appeal.

I. *Whether the terms of a written judgment of divorce and property settlement accurately reflect the agreement of the parties reached on the record regarding the disposition of certain items of personalty and the inclusion of interest provisions for late payments?*

II. *Whether the trial court erred in implementing the Friend of the Court's recommendation for child support which had been agreed to by both parties as part of a settlement but was later sought to be reduced by the plaintiff because of his adverse financial position and which had been recognized by the trial court as meriting a new hearing, but was decided prior to completion of that hearing?*

We now consider the first issue. Plaintiff claims that the judgment of divorce submitted by defendant and entered by the lower court does not accurately reflect the terms of their on-the-record, oral stipulation, which was intended to settle the issues in this divorce action.

Plaintiff is correct in asserting that courts are to uphold the validity of property settlements reached through negotiations and agreement by the parties in a divorce action in the absence of fraud, duress or mutual mistake. *Palmer v Fagerlin,* 163 Mich 345; 128 NW 207 (1910), *West v West,* 241 Mich 679; 217 NW 924 (1928), *Title & Trust Co v Jaster,* 241 Mich 416; 217 NW 42 (1928), *Newton v Security National Bank of Battle Creek,* 324 Mich 344; 37 NW2d 130 (1949), *Greene v Greene,* 357 Mich 196; 98 NW2d 519 (1959), *Shahan v Shahan,* 74 Mich App 621; 254 NW2d 596 (1977). This rule applies whether the settlement is in writing and signed by the parties or

their representatives, or whether the settlement is orally placed on the record and consented to by the parties, even though not yet formally entered as part of the divorce judgment by the lower court. *Keeney v Keeney,* 374 Mich 660; 133 NW2d 199 (1965), *Meyer v Rosenbaum,* 71 Mich App 388; 248 NW2d 558 (1976), and authorities cited therein, *Pedder v Kalish,* 26 Mich App 655; 182 NW2d 739 (1970), *Hibbard v Hibbard,* 27 Mich App 112; 183 NW2d 358 (1970), GCR 1963, 507.9.

However, the parties cannot conclusively agree, to the exclusion of the trial court, to matters of alimony, custody rights over the children of the marriage and support payments for their care. See generally 9A Michigan Law & Practice, Divorce, §§ 115, 134, 195, 223, pp 304-306, 339-340, 405-406, 435-436; Kunz, *Family Law,* 13 Wayne L Rev 263, 270-272 (1966). Thus, the parties' stipulation is conclusive as to all matters properly contained and necessarily included therein. Therefore, absent unusual circumstances such as fraud, overreaching or mutual mistake (not alleged in the case at bar) the divorcing court would seem to be obliged to accept any valid property settlement reached by the parties while at the same time remaining free to exercise its discretion regarding matters of alimony, custody and maintenance or support payments.

Moreover, it is necessary that the stipulation of the parties be accurately reflected in the final judgment of divorce.

"Rules applicable to the construction of contracts, * * * have generally been held applicable in the construction of stipulations, and they have been construed in accordance therewith. The primary rule in the construction of stipulations is that the court must, if possi-

ble, ascertain and give effect to the intent of the parties." 83 CJS, Stipulations, § 11.

In the instant case plaintiff claims that six different terms are contained in the final divorce judgment which were not part of the oral stipulation placed on the record on March 9, 1978. Briefly stated, plaintiff claims that the trial court altered, modified or amended the parties' stipulation by including the following terms in the final divorce judgment entered September 1, 1978:

A) Interest at the rate of 6% on child support payments, periodic payments and the cash settlement.

B) Plaintiff responsibility for all joint debts.

C) Plaintiff required to return minor items taken from the marital home.

D) Restricting plaintiff's access to pension and profit sharing funds.

E) Omission from the written judgment the exclusion of Dr. Wright from treating the parties' son.

F) Limiting plaintiff's ability to remortgage his office building.

Four of the six issues raised above have not been preserved for appellate review because of the plaintiff's failure to object below. The terms listed at B, D, E, and F were contained in the judgment but were not challenged when the motion for entry of the judgment was heard by the trial judge on August 29, 1978, and judgment entered on September 1, 1978. Alleged errors to the substance, *Gill v DeArmant,* 90 Mich 425; 51 NW 527 (1892), or form, *Spencer v Black,* 232 Mich 675; 206 NW 493 (1925), of a judgment must be presented in the trial court by proper objection or motion in order that they may be preserved for appeal.

However, we agree that there is some authority to suggest that the rule requiring issues challenging a judgment to be preserved for appeal is not applicable where the errors are fundamental or apparent. *McPherson v Bristol,* 122 Mich 354; 81 NW 254 (1899), see also GCR 1963, 518.4. Therefore, we address the merits of plaintiff's claims regarding issues B, D, E, and F.

As to item B we find the proposed judgment of plaintiff's contained the same provision as set forth in the judgment of divorce that was signed and both were drawn up in accord with the oral stipulation of settlement, viz:

"IT IS FURTHER ORDERED AND ADJUDGED that plaintiff shall assume, pay, and save the Defendant harmless from the following liabilities:

* * *

"6. All other debts in his individual name or in joint names as they exist at this time."

As to item C, the plaintiff was required to return minor items taken from the marital home. This merely required the original oral settlement to be carried out. The plaintiff had taken more of the furniture than he was entitled to take under the stipulation. If we were to modify the judgment of divorce to conform exactly with the stipulation we would have the exact same result. We do not deem it necessary to do a useless act.

As to item D, restricting plaintiff's access to pension and profit sharing funds, we have carefully read the subject judgment and do not find any such specific restriction as claimed by plaintiff in his brief. However, in checking the record we find that such a request was made by defendant's attorney but was not agreed to by plaintiff or plaintiff's attorney.

As to item E, omission from the written judgment the exclusion of Dr. Wright from treating the parties' son, after careful examination of both the plaintiff's proposed judgment of divorce and the divorce judgment that was signed by the circuit judge and filed, we find that the provision for psychiatric help for Robert L. Kline, minor, is practically the same. We find that the wordage of the last sentence in the judgment of divorce should be modified to conform to the oral stipulation and to read as follows:

"In the event the parties cannot agree, then the court may make some determination, however, the counselor shall not be Dr. Wright."

As to item F, limiting plaintiff's ability to remortgage his office building, we have carefully checked the wordage in the plaintiff's proposed judgment of divorce with the wordage in the divorce judgment that was signed by the trial judge (excepting the interest provision) and we find they are the same verbatim. There is no need for this Court to modify the provision limiting plaintiff's ability to remortgage his office building. The oral stipulation was complied with.

We now turn to issue A, interest at the rate of 6% on child support payments, periodic payments and the cash settlement. We turn to the case of *McClure v McClure,* 75 Mich App 715; 255 NW2d 743 (1977). In that divorce case, wherein the parties were divorced in 1965, the plaintiff was awarded custody of the two minor children and defendant was ordered to pay child support. The trial court found that defendant was in arrears on his payment of support in 1976, in the amount of $3,917. The defendant contended that he should receive credit for summer periods when he had

physical custody of the children. The plaintiff maintained she should be awarded interest on the arrearage. The trial court rejected both claims and ordered the defendant to pay the arrearage at the rate of $125 per month.

This case was considered in Lombard, *Family Law,* 24 Wayne L Rev 513, 518 (1978), as follows:

"Finally, the court of appeals held in *McClure v. McClure* that the addition of interest to a child support arrearage was purely discretionary with the court. Unable to find any Michigan precedent precisely on point, the court analogized to other equitable actions in which the award of interest is discretionary. Regrettably, the court of appeals did not provide trial courts with any special guidance as to when interest should or should not be awarded. However, addition of interest to an arrearage presumably will depend upon the behavior of the defendant; a failure to pay based upon mere recalcitrance would be more likely to result in imposition of the interest sanction than would failure to pay based upon true inability." (Footnote omitted.)

In the case of *Cyranoski v Keenan,* 363 Mich 288, 294-295; 109 NW2d 815 (1961), it is stated as follows:

"The question of allowance of interest in suits for accounting is usually a matter for determination according to sound discretion based on presented equities. See collection of authorities in 47 CJS, Interest, § 3, pp 13, 14. The text reads:

" '*In equity.* Courts of equity, in decreeing or refusing interest, generally follow the law; and, on the other hand, it has been said that courts of law are sometimes affected by equitable considerations in the allowance of interest. Nevertheless, interest is sometimes allowed by courts of equity, in the exercise of a sound discretion, when it would not be recoverable at law. These courts, it has been said, will, in their discretion, allow or withhold interest as, under all the circumstances of the

case, seems equitable and just, except in cases where interest is recoverable as a matter of right.'"

Also see *Taines v Munson,* 19 Mich App 29; 172 NW2d 217 (1969). In the case of *Stanaway v Stanaway,* 70 Mich App 294; 245 NW2d 723 (1976), the issue of interest in divorce actions is considered and considerable light is given to the interest issue before this Court. It is stated on pages 296 and 297 as follows:

"One other of plaintiff's allegations of error is meritorious. The judgment of divorce provides that '[a]ny overdue installment of alimony shall bear interest at the rate of 10 per cent per annum'. This figure exceeds the legally-allowable interest rate on judgments permitted by MCLA 600.6013; MSA 27A.6013. *This statute is, at the least, applicable to overdue alimony installments by analogy. Further, we cannot countenance a prospective pronouncement of interest in contemplation of default that necessarily ignores the factual circumstances that would attend any such future default.* The '10% interest' provision must also be stricken from the judgment."

For further general law on the subject, see Anno: *Right to interest on unpaid alimony,* 33 ALR2d, 1455-1460.

After carefully considering the legal precedents herein stated we elect to follow the rule set forth in *Stanaway v Stanaway, supra,* 296-297 wherein it was stated, "Further, we cannot countenance a prospective pronouncement of interest in contemplation of default that necessarily ignores the factual circumstances that would attend any such future default". We therefore strike from the judgment of divorce the provision for interest at 6% per annum to be paid by plaintiff on past due support payments. Of course, if and when the

matter of past due payments is considered by the trial court, the assessing of interest will be in that court's discretion.

We now consider the issue concerning the provision in the judgment requiring plaintiff to pay interest on overdue periodic and cash settlement payments.

We first note that this part of the judgment may automatically qualify for application of MCL 600.6013; MSA 27A.6013. We need not determine that question in this opinion.

We prefer to consider this issue on the basis that settlements should be encouraged and the parties to a controversy should be able to rely upon them. In keeping with that objective, we deem the addition of interest in the judgment of divorce to be a modification of the oral agreement and improper. In the case of *Dana Corp v Employment Security Comm,* 371 Mich 107; 123 NW2d 277 (1963), it was ruled that a referee of the Employment Security Commission is without authority to alter the terms of a stipulation after he has accepted it either by omitting anything therefrom or adding thereto.

In the case of *Keeney v Keeney,* 374 Mich 660, 663; 133 NW2d 199 (1965), it is stated "[t]he property settlement provisions of a divorce decree or judgment may not be set a-side, modified, or altered in the absence of fraud, duress, or mutual mistake, or for such causes as any other final decree may be modified".

In the recent case of *Shahan v Shahan, supra,* 623, it is stated by the Court as follows:

"Seldom has the Supreme Court spoken in such unequivocal terms as it did in the case which controls this controversy, *Dana Corp v Employment Security Commission,* 371 Mich 107; 123 NW2d 277 (1963), a case not cited by either party:

" 'To the bench, the bar, and administrative agencies, be it known herefrom that the practice of submission of questions to any adjudicating forum, judicial or quasijudicial on stipulation of fact, is praiseworthy in proper cases. It eliminates costly and time-consuming hearings. It narrows and delineates issues. But once stipulations have been received and approved they are sacrosanct. Neither a hearing officer nor a judge may thereafter alter them.' *Dana Corp, supra,* at 100.

"If this be true of a simple stipulation of fact, it is all the more true of a condition agreed to in a consent judgment.

"The trial judge was powerless to alter the plain unambiguous terms of the proviso."

The *Shahan* case involved a settlement by stipulation which called for a consent judgment compelling the sale of entirety interests in property. The stipulation was upheld and the modification by the trial court was vacated.

We likewise adhere to the strict provisions of the oral stipulation, without alteration in the instant case. As a result, we strike from the judgment of divorce the interest provisions as to past-due future periodic payments, ordered to be paid in the property settlement.

In considering the second issue to be determined herein, we simply reiterate the rule of law that the oral stipulation of settlement entered into on March 9, 1978, in open court and on the record, was binding upon the parties when the court accepted it. This permitted the trial judge to rely thereon and sign and enter a judgment in accord therewith on September 1, 1978. This is true notwithstanding the fact that there were motions presented to the court concerning the case between the date of the stipulation and the date of the judgment. These motions were surplusage.

The referral by the trial judge to the Friend of

the Court in response to one of these motions by plaintiff was not necessary. All that was necessary was completed when the parties entered into their oral stipulation of settlement. The matter of reduction or increase in support payments for minor children is always open to either party. A motion brought forward for this purpose should not delay or hamper the orderly presentation of a judgment in accord with the settlement stipulation calling for a judgment of divorce. There was no error here.

Remanded to the trial court for the modification of the judgment of divorce consistent with this opinion.

No costs, neither party prevailing fully.