·GREAVES v GREAVES

Docket No. 80873. Submitted October 16, 1985, at Detroit.—Decided February 3, 1986.

Plaintiff and defendant entered into a partial consent judgment in a divorce action which provided in part that the issue of whether or not plaintiff's law degree was a marital asset with value was left to be decided by the court. The Wayne Circuit Court, Thomas Roumell, J., in a written opinion subsequently held, without ruling on the issue of whether plaintiff's law degree was a marital asset, that defendant was entitled to $20,000 as compensation for her extra contributions toward the support of the family while plaintiff was attending law school. Plaintiff appealed. *Held:*

The circuit court did not improperly modify the partial consent judgment but merely carried out its terms. There was no need for the circuit court to determine whether the law degree could be formally classified as a marital asset in concluding, after correctly focusing on the equities involved, that defendant deserved compensation because of her contributions toward plaintiff's acquisition of his law degree.

Affirmed.

1. JUDGMENTS — CONSENT JUDGMENT — MODIFICATION OF JUDGMENTS.

In the absence of fraud, mistake or unconscionable advantage a consent judgment may not be set aside or modified by a court without the consent of the parties.

REFERENCES

Am Jur 2d, Appeal and Error § 135.

Am Jur 2d, Divorce and Separation §§ 187-962.

Am Jur 2d, Judgments §§ 688-690, 1080-1095.

Appreciation in value of separate property during marriage without contribution by either spouse as separate or community property. 24 ALR4th 453.

Spouse's professional degree or license as marital property for purposes of alimony, support, or property settlement. 4 ALR4th 1294.

See also the annotations in the ALR3d/4th Quick Index under Appeal and Error; Consent Judgment.

2. DIVORCE — DIVISION OF PROPERTY — CONSENT JUDGMENT.

> The division of property in a divorce action is not governed by any rigid rules or mathematical formulas; the end sought is a fair and equitable distribution under all the circumstances; to the extent that relevant provisions of a consent judgment attempt to alter this function, they are invalid.

3. DIVORCE — DIVISION OF PROPERTY.

> A court, in dividing property in a divorce action, need not make a determination as to whether or not an advanced college degree can physically or metaphysically be defined as property; the degree holder obviously keeps the degree; however, a court may consider the circumstances surrounding the acquisition of the advanced degree when it divides the physical property which is capable of distribution as marital assets.

4. DIVORCE — APPEAL.

> Divorce cases are reviewed by the Court of Appeals de novo; however, the Court of Appeals will not substitute its judgment for that of the trial court absent an abuse of discretion.

*Marston & Marston, P.C.* (by *Michael V. Marston*), for plaintiff.

*Dean, Harper & Wilkes* (by *Wallace M. Wilkes*), for defendant.

Before: BRONSON, P.J., and T. M. BURNS and C. W. SIMON, JR.,* JJ.

T. M. BURNS, J. Plaintiff and defendant were married in 1973. In 1983, plaintiff filed for divorce and defendant counterclaimed. The parties eventually reached a partial property settlement. The partial settlement left open the issues of alimony and plaintiff's law degree. Defendant subsequently gave up her claim for alimony. On March 3, 1984, the parties also entered into a partial consent judgment which stated in part:

"It is further ORDERED AND ADJUDGED that the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

issue of whether or not plaintiff's law degree is a marital asset and has a value is left to be decided by this Honorable Court."

On June 20, 1984, the trial court entered an opinion which made a decision in regard to the law degree. The court held that the law of our state clearly recognized that an advanced degree could be considered a marital asset subject to distribution upon divorce. The court also noted, however, that it would be difficult to place this case in the same category as earlier cases which attempted to rationalize the basis for the concept of an advanced degree as being a marital asset. While the court had expressed doubt as to how to determine the proper value to place on the degree, the court concluded that defendant was entitled to some compensation for the extra contribution toward the support of the family while plaintiff was attending law school. In this case, at the time of the divorce, plaintiff was not practicing law and did not intend to ever practice law. He was employed as the vice-president of human resources at Detroit Receiving Hospital and was receiving $41,000 per year. No evidence was presented to establish the extent that his law degree had enhanced his potential for promotion. The trial court determined that equity required defendant to be dealt with fairly. The court placed a value of $20,000 on the extra services and worldly goods which defendant gave to the family while plaintiff was attending law school.

Plaintiff claims that the trial court violated the parties' agreement and that the court failed to make a decision as to whether the law degree was a marital asset. Plaintiff argues that the trial court awarded defendant $20,000 for extra services and that such was not allowed under the consent

judgment. Plaintiff contends that a law degree should not be characterized as property and that any award in relation thereto was in violation of the agreement. Plaintiff has appealed from the trial court's order as of right. We affirm the trial court.

In the absence of fraud, mistake or unconscionable advantage, a consent judgment may not be set aside or modified without the consent of the parties. See *Horning v Saginaw Circuit Judge,* 161 Mich 413, 414; 126 NW 650 (1910), *In re Estate of Meredith,* 275 Mich 278, 289; 266 NW 351 (1936), *Sauer v Rhoades,* 338 Mich 679, 681; 62 NW2d 634 (1954). In *Dana Corporation v Employment Security Comm,* 371 Mich 107, 110; 123 NW2d 277 (1963), the Supreme Court recognized the strong policy concerns in favor of preventing judicial modification of an agreement between parties as to the facts of a case. In *Shahan v Shahan,* 74 Mich App 621, 623; 254 NW2d 596 (1977), this Court adopted the language of the *Dana Corporation* Court and applied it to consent judgments.

The problem in this case is that the consent judgment was not complete. The partial consent judgment stated that the trial court was to be allowed to decide the issue regarding whether plaintiff's law degree was a marital asset and had a value. The obvious intent of that provision was to allow the court to make a determination as to whether the property division should be adjusted to take into account the law degree and the circumstances surrounding its acquisition. Thus, the trial court's decision in this case was simply one which carried out the terms of the consent judgment and was not one that modified it.

Plaintiff claims that the trial court did not abide by the terms of the consent judgment. We disagree. A fair reading of the consent judgment

indicates that the trial court could alter the division of property if the court determined that defendant deserved compensation because of the law degree. It does not mean that the court could grant defendant a different distribution only if the court found a law degree to be a marital asset according to some technical definition of that term. There was no need for the court to determine whether the law degree could be formally classified as a marital asset.

The end sought in the divison of property is a fair and equitable distribution under all of the circumstances. *Ripley v Ripley,* 112 Mich App 219, 226-227; 315 NW2d 576 (1982). The division is not governed by any rigid rules or mathematical formulas. *Ripley, supra.* To the extent that the relevant provision of the parties' consent judgment attempts to alter this function, it is invalid. The parties may not stipulate to a question of law which is contrary to the actual state of the law, let alone stipulate conclusively. *Margreta v Ambassador Steel Co,* 378 Mich 689, 705; 148 NW2d 767 (1967), *modified* 380 Mich 513; 158 NW2d 473 (1968), *Rousseau v Brotherhood of American Yeomen,* 177 Mich 568, 573; 143 NW 626 (1913), *Detroit v Beckman,* 34 Mich 125, 126; 22 Am Rep 507 (1876). The court was required to function within the bounds of the law when making its decision regarding the subject matter left to it by the parties.

The relevant provisions of the consent judgment indicate that the parties were obviously concerned about making an adjustment to the otherwise agreed-upon property division in order to take into account the law degree and the circumstances surrounding its acquisition. The law of this state does not require the court to make a determination as to whether or not an advanced degree can

physically or metaphysically be defined as property. See *Watling v Watling,* 127 Mich App 624; 339 NW2d 505 (1983), and *Woodworth v Woodworth,* 126 Mich App 258; 337 NW2d 332 (1983), *lv den* 419 Mich 856 (1984). It is obvious that plaintiff will retain his own law degree. However, this circumstance and those surrounding its acquisition can be considered by the court when it divides the physical property which is capable of distribution as marital assets. A court can consider many circumstances when making a division of property. See *Charlton v Charlton,* 397 Mich 84, 95, fn 5; 243 NW2d 261 (1976), and *Holbern v Holbern,* 91 Mich App 566; 283 NW2d 800 (1979). In this case, the trial court correctly focused on the equities involved and properly considered whether plaintiff had compensated defendant for her contributions toward his degree. We will not allow the parties to create a hypothetical question of law by entering an incomplete consent judgment. While divorce cases are reviewed *de novo,* an appellate court will not substitute its judgment for that of the trial court absent an abuse of discretion. *Ripley, supra.* Our review of the record convinces us that a $20,000 adjustment to the property division was appropriate.

Affirmed.