## PEOPLE v PATRICIA WILLIAMS

Docket No. 81960. Submitted February 11, 1986, at Grand Rapids.
. Decided May 12, 1986.

Patricia Ann Williams was convicted of larceny under $100
following a jury trial in Calhoun Circuit Court, Paul Nicolich,
J. Prior to trial, defense counsel moved to suppress the admis-
sion into evidence of any statements defendant had made at
the time of her apprehension and arrest. The assistant prose-
cutor, apparently thinking that the motion related only to
statements made to the police, indicated that the prosecution
knew of no statements which had been made to the police and
stipulated that no statements of the defendant would be used at
trial. An order to that effect was thereafter signed by the trial
court. At trial, the prosecution sought to have admitted testi-
mony that defendant swore at and threatened the store em-
ployee who had apprehended her and had also tried to bribe
the employee into letting her go. Defense counsel objected on
the basis that such testimony would be contrary to the stipula-
tion. The trial court refused to enforce the clear language of
the stipulation, finding that if it had held a hearing on the
motion to suppress it would have denied the motion because
there was no legal ground for suppressing the statements made
by the defendant to the store employee. Defendant appealed.
*Held:*

1. Stipulations in criminal cases, just as in civil cases, should
be enforced once accepted and should only be set aside upon a
showing of good cause. Where the prosecution seeks to have a
stipulation set aside on the basis of mistake or inadvertence,
the proper procedure is to file a motion to vacate and to
demonstrate good cause for the requested relief. Since there

REFERENCES

Am Jur 2d, Stipulations §§ 1-15.

Am Jur 2d, Witnesses §§ 656-669.

Effectiveness of stipulation of parties or attorneys, notwithstanding
its violating form requirements. 7 ALR3d 1394.

Propriety of specific jury instructions as to credibility of witnesses.
4 ALR3d 351.

was no such showing in this case, it was error mandating reversal for the trial court to refuse to enforce the stipulation.

2. While it was improper for the prosecution to ask questions of witnesses about the veracity of two defense witnesses, the error was harmless. The prosecution is, however, cautioned to avoid such questions on retrial.

Reversed and remanded for a new trial.

1. STIPULATIONS — JUDICIAL CONSTRUCTION.

Stipulations of parties, as a general rule, should receive a fair and liberal construction consistent with the parties' apparent intention; stipulations are binding upon the parties and, although the courts have some discretion in setting them aside, they should be enforced unless good cause is shown to the contrary.

2. STIPULATIONS — REJECTION OF STIPULATION.

A judge may reject any offered stipulation as incomplete or legally erroneous, but the time for doing so is before final acceptance of the stipulation, not after.

3. STIPULATIONS — RELIEF FROM STIPULATIONS — MISTAKE — PREJUDICE.

A court has the power to relieve a party from a stipulation where there is evidence of mistake, fraud or an unconscionable advantage or where the stipulation has been entered into as a result of inadvertence, improvidence or excusable neglect, provided that the situation has not materially changed to prejudice the other party and the relief from the stipulation is diligently sought.

4. STIPULATIONS — RELIEF FROM STIPULATIONS — PREJUDICE.

The proper procedure for setting aside a stipulation is to file a motion to vacate the stipulation; upon the filing of the motion to vacate, the trial court shall determine whether there has been a showing of good cause to relieve the party from the stipulation; if the motion to vacate is granted, the opposing party should be given additional time to prepare for trial if necessary to avoid prejudice.

5. WITNESSES — COMMENTS ON CREDIBILITY.

It is improper for a witness to comment or provide an opinion on the credibility of another witness, since matters of credibility are to be determined by the trier of fact.

State Appellate Defender (by *James Krogsrud*), for defendant on appeal.

Before: D. E. Holbrook, Jr., P.J., and Shepherd and D. A. Roberson,* JJ.

Per Curiam. Defendant was convicted by a jury of larceny under $100, MCL 750.356; MSA 28.588, and sentenced to sixty days in jail. She appeals as of right. We reverse and remand for a new trial.

Testimony at trial established that an employee of a department store in Battle Creek saw defendant take a dress off a display rack and put it under her dress. Defendant was apprehended by other employees outside of the store.

Prior to trial the prosecution stipulated, in response to defendant's motion to suppress any statements she made at the time of her apprehension and arrest, that it would not use any statements defendant may have made:

> *Miss Woodall, [Assistant Prosecutor]:* . . . For purposes of the record, I would state that my police reports contain absolutely no statements that were taken by the police officers of anything that was said by the defendant, and should there be some statements which she made, I do not intend to use them for purposes of the trial to prove my case. So, I have not brought a witness here, as I do not intend to use any statements she may or may not have made. If she did make any, we don't plan to use them. If this was in fact entitled a Walker Hearing, I have no evidence to present and I'm willing to stipulate we would not use any statements she may have made.
>
> *Mr. Hofman, [defense counsel]:* That certainly was part of the reason we were here, Your Honor, was for a Walker Hearing. The prosecutor, Mr. Sahli, suggested that may be the case; but with the prosecutor Miss Woodall's, statement on the record, we are in complete agreement. We don't want

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

any statements to be used whatsoever and if that is—if that is their intent, I will prepare an order to that effect.

*The Court:* All right.

In a subsequently filed order signed by the trial court and the prosecutor, the prosecutor agreed "that no statements of the defendant can be used at trial for any purpose."

During opening argument, the prosecutor told the jury that there would be testimony that defendant swore at and threatened the store employee who arrested her and also offered him money if he would let her go. On the basis of the stipulation, defense counsel vigorously objected, and moved for a mistrial. The trial court refused to enforce the clear language of the stipulation, finding that, if it had held the hearing, it would have held that there were no grounds for suppressing the statements and, therefore, the stipulation did not govern this testimony and the statements were admissible:

> Let me put it this way, Mr. Hofman: If the Court of Appeals feels that any time any defendant who is, like in this case, in hot pursuit, makes some statement to an average citizen, an ordinary citizen, that says those—those statements cannot be used, you know, I don't know where they would be coming from. I'm going to deny your motion. Your objection is on the record. Let's proceed with the trial.

Even in light of the court's ruling, defense counsel continued to object, and the following exchange occurred:

> *Mr. Hofman:* The point is, we didn't have a hearing on this. There's no evidence on it, and the

prosecutor agreed to this order, and I think she is in violation.

*The Court:* You have your objection on the record. I would see no basis for suppressing those statements under the *Miranda* warning or any Court of Appeals ruling.

*Mr. Hofman:* Thank you, Your Honor.

*The Court:* I can't imagine they would go that far.

Defense counsel continued to object during the trial to the prosecutor's introduction of statements made by defendant at the time of her apprehension.

The trial court was correct in assuming that this Court has not created a rule that comments made to an ordinary citizen by a fleeing suspect are inadmissible. The case upon which defendant was relying to support her motion to suppress, *People v Switzer,* 135 Mich App 779; 355 Mich 670 (1984), has a narrow holding which prohibits the introduction of an involuntary statement coerced by a private citizen. However, that was not the issue before the trial court at the time the objection was made. Rather, the issue that was before the trial court, and the one that is currently before this Court, is whether the language of the stipulation barred the entry of the proffered testimony, and, if it did, whether the trial court erred in ignoring the language of the stipulation. The prosecutor was free to agree to exclude evidence even if with the benefit of hindsight the evidence would have been admissible in the absence of the stipulation. Parties frequently do this where they believe that the issue of admissibility should be voluntarily abandoned in order to avoid the slightest possibility of reversible error.

As a general rule stipulations should receive a fair and liberal construction consistent with the

parties' apparent intention. 73 Am Jur 2d, Stipulations, § 7, pp 541-543. Stipulations are binding upon the parties and, although the courts have some discretion in setting them aside, they should be enforced unless good cause is shown to the contrary. 73 Am Jur 2d, Stipulations, §§ 8, 11, 13, pp 543-545, 546-547, 548-550.

The Michigan Supreme Court made the following emphatic statement concerning the effect of stipulations as to statements of fact in *Dana Corp v Employment Security Comm,* 371 Mich 107, 110; 123 NW2d 277 (1963):

> To the bench, the bar, and administrative agencies, be it known herefrom that the practice of submission of questions to any adjudicating forum, judicial or quasi-judicial on stipulation of fact, is praiseworthy in proper cases. It eliminates costly and time-consuming hearings. It narrows and delineates issues. But once stipulations have been received and approved they are sacrosanct. Neither a hearing officer nor a judge may thereafter alter them. This holding requires no supporting citation. The necessity of the rule is apparent. A party must be able to rest secure on the premise that the stipulated facts and stipulated ultimate conclusionary facts as accepted will be those upon which adjudication is based. Any deviation therefrom results in a denial of due process for the obvious reason that both parties by accepting the stipulation have been foreclosed from making any testimonial or other evidentiary record.

The Supreme Court in *Dana* also spoke to the time for a trial court to reject a stipulation:

> This is not to say, of course, that the hearing officer or judge may not reject any offered stipulation as incomplete or legally erroneous. The concerned adjudicator has not only that right—he has that duty. But as previously indicated, the time so

to do is before final acceptance of the stipulation, not after. [371 Mich 111.]

Although *Dana* is not directly on point since there the Supreme Court specifically addressed the practice of submitting issues on a stipulated statement of facts, the case nevertheless stands for the proposition that an approved stipulation ordinarily should be enforced.

In the present case, the language of the stipulation is clear that no statements of defendant were to be used at trial for any purpose. This broad language encompassed the disputed testimony by store employees about statements defendant had made. However, it appears from the record that the prosecutor may not have realized that the stipulation extended to statements other than those made to police officers at the time of defendant's arrest. A court does have the power to relieve a party from a stipulation where there is evidence of mistake, fraud, or unconscionable advantage. *Powell v Martone,* 322 Mich 441, 445-446; 33 NW2d 914 (1948).

73 Am Jur 2d, Stipulations, § 14, pp 550-551, provides:

It is generally held that relief may be afforded from a stipulation which has been entered into as the result of inadvertence, improvidence, or excusable neglect, provided that the situation has not materially changed to the prejudice of the antagonist and that the one seeking relief has been reasonably diligent in doing so. It is also generally recognized that relief may be had from a stipulation where there has been a change in conditions or unforeseen developments which would render its enforcement inequitable, provided there has been diligence in discovering the facts relative to the disputed matter, the application is timely, and the opposing party has not so changed his position

as to be prejudiced to a greater extent than the applicant.

Some cases have expressed the view that relief from a stipulation may properly be granted whenever it appears that some inequity or disadvantage may result to one of the parties, provided the other will not be prejudiced thereby. And there is some authority suggesting that relief from stipulations executed as a result of a mistake of law should be granted as a matter of course, at least where such relief would not constitute an injustice to the opposing party. A stipulation entered into under a mistake as to a material fact concerning the ascertainment of which there has been reasonable diligence exercised is the proper subject for relief. However, it has been held that when there is no mistake, but merely a lack of full knowledge of the facts which is due to the failure of a party to exercise due diligence to ascertain them, there is no proper ground for relief. Fraud in the procurement of a stipulation is generally considered sufficient in itself to warrant relief against it. Likewise, relief has been granted from a misleading stipulation.

While the prosecution may have been able to demonstrate good cause to set aside the stipulation based on mistake or inadvertence, the proper procedure for doing so was not followed. The proper procedure for setting aside a stipulation would have been to file a motion to vacate the stipulation at which point the court would have had to make a ruling on whether there was good cause to do so. 73 Am Jur 2d, Stipulations, § 13, pp 548-550. If the court found good cause to vacate the stipulation, it should then have allowed defendant extra time to prepare for trial to avoid prejudice.

In this case the trial court seemed to rule that a stipulation by the parties as to the suppression of testimony is not entitled to enforcement by the trial court if it believes that it would have ruled

the evidence admissible if it had in fact sat in judgment at a properly conducted hearing on the issue. This approach deprives a stipulation of certainty and forces the parties to engage in a perpetual guessing game as to whether the stipulation is entitled to enforcement. The ruling also denied defendant an opportunity to show that the evidence which was excluded by stipulation could properly be excluded as a matter of law, since the stipulation obviated the need for such a hearing. Further, defendant was lulled by the stipulation into believing that no further discovery was necessary and that she would not have to prove facts that could negate or justify the alleged statements. We conclude that the error was not harmless and agree with defendant that her conviction must be reversed and the case remanded for a new trial. Prior to trial, the prosecutor may move to vacate the stipulation for good cause. However, it will not be appropriate to vacate the stipulation merely because the statements of defendant to private citizens would have been admissible without a stipulation, since the existence of that issue was obvious and known to the prosecutor at the time the stipulation was made. Good cause could be established if the stipulation were inartfully stated and did not properly reflect the intention of the parties, e.g., if the only agreement was to exclude statements to police officers.

Defendant also argues on appeal that the prosecution twice improperly questioned witnesses about the veracity of the testimony given by two defense witnesses. It is generally held improper for a witness to comment or provide an opinion on the credibility of another witness, since matters of credibility are to be determined by the trier of fact. *People v Buckey,* 424 Mich 1, 17; 378 NW2d 432 (1985). Although the two questions asked by

the prosecution were improper, the questions were harmless. However, we caution the prosecutor to avoid this method of questioning witnesses during the new trial.

Reversed and remanded for a new trial.