*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRACEY SAHOURI,

Plaintiff-Appellee,

UNPUBLISHED
February 13, 2020

v

HARTLAND CONSOLIDATED SCHOOLS,
JANET SIFFERMAN, and SCOTT VANEPPS,

Defendants-Appellants.

No. 348554
Genesee Circuit Court
LC No. 12-097958-CZ

Before: CAMERON, P.J., and SHAPIRO and SWARTZLE, JJ.

PER CURIAM.

In this employment action alleging torts and violations of the Whistleblower's Protection Act, MCL 15.361 *et seq*., defendants appeal by leave granted[1] the trial court's order denying their motions for discovery sanctions and other relief against plaintiff. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.[2]

## I. BACKGROUND

We have previously set forth the factual history behind plaintiff's complaint. *Sahouri v Hartland Consol Schs*, unpublished per curiam opinion of the Court of Appeals, issued January 26, 2016 (Docket Nos. 321349 and 321399), pp 2-4. The case's procedural history is more relevant

---

[1] *Sahouri v Hartland Consol Schs*, unpublished order of the Court of Appeals, entered July 24, 2019 (Docket No. 348554).

[2] We review for an abuse of discretion the trial court's decision regarding discovery sanctions, *Traxler v Ford Motor Co*, 227 Mich App 276, 286; 576 NW2d 398 (1998), including whether to impose sanctions for spoliation of evidence, *Bloemendaal v Town & Country Sports Center Inc*, 255 Mich App 207, 211; 659 NW2d 684 (2002). We also review for an abuse of discretion the trial court's decision whether to grant or extent discovery. *Nuriel v Young Women's Christian Ass'n of Metro Detroit*, 186 Mich App 141, 146; 463 NW2d 206 (1990). The trial court's findings of fact are reviewed for clear error. *Traxler*, 227 Mich App at 286.

to the current appeal. The complaint was filed in April 2012, and the trial court denied defendants' motion for summary disposition in March 2014. Defendants appealed, and in January 2016 we reversed the trial court in part and affirmed in part. *Sahouri*, unpub op at 13. After we denied defendants' motion for reconsideration, they appealed to the Supreme Court, which denied leave to appeal in an order issued in April 2017. *Sahouri v Hartland Consol Schs*, 500 Mich 965 (2017).

The circuit court case was then reopened and trial was scheduled for October 2017. In late September 2017, plaintiff served defendants with her list of trial exhibits. That list included a reference to "any and all recordings, including, but not limited to, the Scott Bacon recording." Previously, plaintiff had claimed the attorney-client privilege in response to a request for production of audio recordings pertaining to the allegations in her complaint. At a settlement conference held October 3, 2017, the trial court orally directed plaintiff's counsel to turn over any recordings and adjourned trial. Plaintiff's counsel presented defendants' counsel with a compact disc containing approximately 4½ hours of recorded conversations between plaintiff and school administrators. In those recordings, plaintiff referenced potentially relevant text messages that were not disclosed and that no longer existed. Plaintiff later supplemented her response to defendants' request for the production of records with about 65 more hours of audio recordings.

Thereafter, defendants filed several motions for adjournment of the trial, which the trial court granted. Defendants also filed motions for discovery sanctions, including dismissal of the case for failure to provide the recordings and for spoliation of the text messages. Defendants also sought plaintiff's recording devices and related media so that they could be analyzed by a forensic expert. Despite holding two hearings on these matters, the trial court repeatedly failed to enter orders addressing the motions until such time that defendants asked this Court to intervene by filing a complaint for superintending control. As a result, in March 2019 we instructed the trial court to

> issue orders addressing the still-pending motions brought by Hartland Consolidated Schools, Janet Sifferman, and Scott VanEpps in the underlying litigation, namely what additional discovery must be provided by plaintiff Tracey Sahouri, whether the action should be dismissed or other sanctions imposed for Sahouri's failure to timely provide discovery of audio recordings, and whether the action should be dismissed or other sanctions imposed for spoliation of evidence based on Sahouri's destruction of text messages. [*Sahouri v Hartland Consol Schs*, unpublished order of the Court of Appeals, entered March 7, 2019 (Docket No. 347520).]

The trial court then entered an opinion and order denying defendants' pending motions. After providing a brief history of the case, the trial court concluded as follows:

> In reviewing the court files (there are 8) the court cannot determine that there is any additional discovery to be provided to defendants.
>
> With respect to a dismissal, or sanctions, for failure to timely provide the discovery of audio recordings, the court finds that timeliness **is not** a one-way issue. I do not foresee sanctions against either party on the issue of timeliness.

The defendants were given audio tapes and text messages from [plaintiff]. The issue of whether the **pertinent** tapes from defendants' standpoint were destroyed is denied by [plaintiff] and becomes a factual issue for the jury to decide, if necessary. The defendants were given the opportunity to re-depose [plaintiff] on the issue of destroying evidence. As stated earlier, the court adjourned the trial on several occasions to allow further discovery for the defendant. [Emphasis in original.]

This appeal followed.

## II. ANALYSIS

## A. DISCOVERY SANCTIONS

Defendants first argue that the trial court abused its discretion in not dismissing plaintiff's case or imposing discovery sanctions. We conclude that the trial court abused its discretion to the extent that it determined that plaintiff did not engage in sanctionable conduct with respect to the audio recordings. We remand to the trial court so that it may consider the established factors for determining an appropriate sanction, if any.

In July 2012, plaintiff received defendants' first requests for production of documents. Defendants asked plaintiff to "produce all emails, letters, notes, memoranda, diaries, calendars, *audio or video recordings*, or other documents authored by you, sent to you, or otherwise in your possession, custody, or control regarding the allegations in Plaintiff's First Amended Complaint." (Emphasis added). In response to that request, plaintiff stated:

Objection, to the extent this question/interrogatory requires production of any documents and/or information concerning communications made in confidence between Plaintiff and a lawyer, for the purpose of obtaining legal assistance, that information is protected from disclosure by (l) the "attorney/client privilege"; and (2) MCR 2.302(B-1), which reads, in relevant part that—

"Parties may obtain discovery regarding any matter, <u>not privileged</u>, which is relevant. …" (emphasis added).

Subject to this objection, Defendants are already in possession of any documents/items/correspondence/emails between Plaintiffs and Defendants and/or their agents, servants and employees. In addition, see attached for anything currently in my possession. [Emphasis in original.]

Before the trial court, plaintiff's counsel argued that this response properly asserted the work-product privilege but that plaintiff had decided to waive that privilege and rely on some of the recordings as evidence at trial. Plaintiff's counsel maintained that the recordings of conversations made by plaintiff were protected by the work-product privilege because they were made in anticipation of litigation.

Plaintiff's claim of the work-product privilege is without merit. First, the discovery response was inadequate. The only specific privilege claimed by plaintiff in response to the request

for the production was the attorney-client privilege, which is distinct from the work-product privilege. See *Estate of Nash by Nash v Grand Haven*, 321 Mich App 587, 597-598; 909 NW2d 862 (2017). Plaintiff also cited MCR 2.302(B)(1), which generally precludes discovery of privileged matters. However, the work-product privilege is codified at MCR 2.302(B)(3). Accordingly, plaintiff failed to properly state the reasons for her objection to the request for production. See MCR 2.310(C)(2). It was also misleading for plaintiff to assert that defendants were in possession of any "documents/items/correspondences/emails" between the parties when plaintiff knew that defendants did not know of or have access to the recordings.

Further, plaintiff erred by not disclosing the existence of the relevant recordings. By claiming the work-product privilege, a party may initially withhold the content, but not the existence of the sought materials. Once the fact of their existence is provided, the discovery-seeking party may request intervention by the trial court to obtain an *in camera* review, privilege log or other means to provide the court with a basis to rule on the claim of privilege. See *Koster v June's Trucking, Inc*, 244 Mich App 162, 169; 625 NW2d 82 (2000).

Second, the work-product privilege does not apply to these recordings. The work-product privilege protects "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or another party's representative." MCR 2.302(B)(3). The touchstone of the privilege is whether " 'notes, working papers, memoranda or similar materials' " were prepared in anticipation of litigation. *Messenger v Ingham Co Prosecutor*, 232 Mich App at 637-638; 591 NW2d 393 (1998), quoting *Black's Law Dictionary* (6th ed., 1990). Work product is prepared in anticipation of litigation "if the prospect of litigation is identifiable, either because of the facts of the situation or the fact that claims have already arisen." *Great Lakes Concrete Pole Corp v Eash*, 148 Mich App 649, 654 n 2; 385 NW2d 296 (1986) (quotation marks and citation omitted). The doctrine further requires that the materials subject to the privilege pertain to more than just "objective facts," and ultimately protects "against disclosure of the subjective mental impressions, conclusions, opinions, or legal theories of [parties], their attorneys, or other representatives . . . ." *Id*. at 657-658.

In this case, there is no evidence that the recordings discuss any mental impressions, conclusions, legal opinion, or strategy. Nor is there anything to suggest that the recorded conversations were made in anticipation of litigation. Rather, plaintiff testified that the recordings were created to help her verify and understand the contents of the meetings given her own concern that the published meeting notes were "inaccurate" and "dishonest." Further, the record establishes that the recordings were made without the assistance of her legal counsel and only later became relevant for litigation purposes. In whole, plaintiff has not offered any evidence to support her conclusory assertion that the recordings were privileged.

Moreover, even if the privilege had been properly invoked, when plaintiff decided to withdraw the privilege and rely on the recordings, a supplemental or amended response to defendants' request for production was required. A party has a duty to amend a discovery response when "the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment." MCR 2.302(E)(1)(b)(*ii*). Sanctions are permissible if a party fails to supplement a discovery response as required by MCR 2.302. MCR 2.302(E)(2).

Considering the totality of plaintiff's discovery misconduct, the trial court should have considered the following non-exhaustive list of factors to determine an appropriate sanction:

> (1) whether the violation was wilful or accidental (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses), (3) the prejudice to the defendant, (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice, (5) whether there exists a history of plaintiff engaging in deliberate delay, (6) the degree of compliance by the plaintiff with other provisions of the court's order, (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. [*Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990).]

The trial court should give "careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010) (quotation marks and citations omitted). In this case, however, the trial court's opinion contains no indication that it examined and weighed the above factors. Accordingly, we remand to the trial court for further consideration.

We note that defendants are requesting a dismissal, which is a drastic remedy "that should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). "Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id.* On remand the trial court shall address the factors outlined in *Dean* and determine whether a lesser sanction than dismissal, or any sanction at all, is appropriate.

## B. SPOLIATION OF TEXT MESSAGES

Defendants next argue that plaintiff failed to preserve the text messages she referenced within the recordings despite knowing that they were relevant to her case, and that the spoliation of this evidence warrants dismissal of the case. We conclude that the trial court did not abuse its discretion in declining to impose sanctions for spoliation of evidence.

A trial court may sanction a party for failing to preserve evidence that it knew or should have known was relevant before litigation commenced. *Bloemendaal v Town & Country Sports Center Inc*, 255 Mich App 207, 211; 659 NW2d 684 (2002). "Even when an action has not been commenced and there is only a potential for litigation, a litigant must preserve evidence that he knows or reasonably should know is relevant to the action." *Id.* at 212. Indeed, "[a] party has the same obligation to preserve electronically stored information as it does for all other types of information." MCR 2.302(B)(5). However, sanctions may not be imposed on a party for failing to provide electronically stored information "lost as a result of the routine, good-faith operation of an electronic information system." MCR 2.302(B)(5).

As a preliminary matter, the trial court erred when it stated in its order that defendants received the text messages throughout the pendency of the case. There is no evidence to support that conclusion, and plaintiff acknowledged that the text messages no longer existed. Setting that

aside, we agree that the text messages originally retained by plaintiff fall within the definition of documents that are subject to discovery under MCR 2.310(A)(1). However, at her deposition plaintiff explained that she retained text messages before they were "push[ed] out" by new messages and deleted in the normal course of organizing her phone. Further, plaintiff testified that she began recording conversations in November 2011 and explained that she has "switched" phones several times since then, and so any referenced text messages would be lost even if not deleted. Thus, although defendants try to make the deletion of the messages appear intentional, or at minimum, negligent, plaintiff's testimony supports a conclusion that the texts were "lost as a result of the routine, good-faith operation of an electronic information system." MCR 2.302(B)(5). Accordingly, we find no error in the trial court's decision not to grant dismissal or sanctions for failure to preserve evidence.

## III. SUPPLEMENTAL DISCOVERY

Finally, defendants argue that the trial court abused its discretion by declining to grant additional discovery. We disagree.

In deciding whether to grant or extend discovery, "[t]he trial court should consider whether the granting of discovery will facilitate or hamper the litigation." *Nuriel v Young Women's Christian Ass'n of Metro Detroit*, 186 Mich App 141, 146; 463 NW2d 206 (1990). "Factors such as the timeliness of the request, the duration of the litigation and the possible prejudice to the parties should also be considered." *Id*.

Plaintiff maintains that she gave defendants all of the audio recordings. However, after defendants' counsel reviewed the audio files provided by plaintiff, he believed that they were incomplete or missing some files. For example, two of the audio files are designated 21VEPPS and 22VEPPS, both of which were recorded conversations with defendant Scott VanEpps. Defendants' counsel maintains that the designation of those files as 21 and 22 suggests that there were other recordings designated 1VEPPS through 20VEPPS which were not turned over. Accordingly, defendants sought to conduct a forensic review of the recording devices to determine whether there were deleted recordings. Plaintiff counsel's objected to proposed orders that would have granted defendants that relief, asserting that forensic review would invade his client's right to privacy.

Under the unique circumstances of this case, the trial court did not abuse its discretion in declining to order further discovery. As to possible prejudice, defendants merely speculate that there are recordings that plaintiff did not produce, and that those recordings would be valuable to the defense. So, defendants are essentially requesting a fishing expedition. See *Augustine v Allstate Ins Co*, 292 Mich App 408, 419-420; 807 NW2d 77 (2011) ("Allowing discovery on the basis of conjecture would amount to allowing an impermissible fishing expedition.") (quotation marks and citation omitted). Further, we cannot ignore the fact that defendant VanEpps would have been present for any conversation with him that plaintiff could have recorded, and so has knowledge of what was discussed. Yet he has not identified any specific conversation of which a recording would be beneficial to the defense.

In addition, the duration of the litigation strongly supports the trial court's decision to deny supplemental discovery. This case has been pending since April 2012. Regardless of the reasons

for this delay, the trial court reached a reasonable outcome in deciding that further postponement was not warranted. And contrary to defendants' argument, the trial court did not delegate to the jury issues of evidence admissibility and sanctions. Rather, when viewed in context, the trial court ruled that defendant may argue to the jury that plaintiff destroyed pertinent recordings so that the jury may draw a negative inference against plaintiff regarding the content of those recordings. See M Civ JI 6.01. That ruling was proper.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Brock A. Swartzle