*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

ZAINAB HANS,

       Plaintiff-Appellant,

v

AHSAN HANS,

       Defendant-Appellee,

and

EISENBERG & SPILMAN, PLLC, and HOWARD
I. WALLACH,

       Other Parties.

UNPUBLISHED
July 7, 2022

Nos. 355468; 356936
Oakland Circuit Court
LC No. 2016-842481-DM

ON RECONSIDERATION

Before: RICK, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

In March 2019, the trial court entered a judgment of divorce consistent with an arbitrator's award. The judgment was approved by both plaintiff and defendant. In July 2019, defendant moved for clarification of the judgment as applied to the distribution of proceeds from the sale of real property, primarily because of competing attorney liens. On September 16, 2019, the trial court issued a postjudgment order explaining how the sale proceeds were to be distributed. Plaintiff now appeals, and we reverse.[1]

---

[1] Plaintiff initially filed an appeal as of right from the trial court's September 16, 2019 order in Docket No. 355468. After defendant filed his appellee's brief and challenged this Court's jurisdiction as of right, plaintiff filed a delayed application for leave to appeal the same order in

-1-

## I. BACKGROUND

Plaintiff and defendant were married in 2008. In 2016, plaintiff filed for divorce. In January 2017, the trial court entered a stipulated order sending the case to binding arbitration. After the arbitrator issued a final decision, the parties agreed on the terms of a judgment, which incorporated the arbitrator's award. The parties had substantial debt, which included attorney fees and other unsecured debt. The arbitrator ordered the parties to pay their own attorney fees, except that defendant was required to pay $50,000 of plaintiff's attorney fees. Defendant was also ordered to pay 75 percent of the unsecured marital debt and plaintiff was to pay the remaining 25 percent. The two most significant marital assets were the family residence at 793 Linden Way, Auburn Hills, Michigan (the "Auburn Hills" property), and a residential condominium at 4570 Berkshire, Sterling Heights, Michigan (the "Sterling Heights" property). The parties' attorneys were granted liens against the properties for their outstanding attorney fees. At the time the arbitrator issued his award, he estimated that plaintiff owed her attorney approximately $140,000 and that defendant owed his counsel at least $50,000.

Both the arbitration award and the divorce judgment addressed scenarios for selling the Auburn Hills and Sterling Heights properties and distributing the sales proceeds to pay the parties' unsecured debt, but also recognized that the properties were subject to the attorney liens. When preparing to sell the first property, uncertainty arose over how to distribute the sale proceeds under the terms of the judgment, particularly because the equity value of the first property was inadequate to pay all of the attorney liens. Even when the second property sold a short time later, there did not appear to be enough equity in that property to satisfy the attorney liens and the remaining marital debt.

Defendant moved for clarification of the judgment with regard to how to distribute the sales proceeds. At that time, plaintiff owed her counsel $137,340.65, of which defendant was required to pay $50,000. Defendant owed his attorney approximately $85,000. After considering defendant's motion, the trial court entered an order on September 16, 2019, clarifying that the attorney liens, including the $50,000 owed by defendant to plaintiff's counsel, should be given equal priority and be paid first. The first property lacked sufficient equity to satisfy the attorney liens, so the attorneys agreed to release their liens to allow the sale of the property to be completed.

---

Docket No. 356936. This Court granted the application and consolidated the two appeals. *Hans v Hans*, unpublished order of the Court of Appeals, entered May 20, 2021 (Docket No. 356936). Accordingly, even if the September 16, 2019 order is not appealable as of right, this Court has jurisdiction to consider plaintiff's challenges to that order.

Plaintiff moved for reconsideration of the trial court's decision because she believed it effectively gave defendant more than a 50-percent share of the equity in the property. The trial court disagreed and denied plaintiff's motion for reconsideration approximately a year later.[2]

## II. ANALYSIS

On appeal, plaintiff challenges the trial court's decision clarifying the terms of the divorce judgment as applied to the distribution of the sales proceeds.[3]

The divorce judgment was entered in accordance with an arbitration decision and the parties agreed to the terms of the judgment. As such, plaintiff appropriately characterizes the judgment as a consent judgment. A consent judgment of divorce is to be construed as a contract. *Andrusz v Andrusz*, 320 Mich App 445, 452; 904 NW2d 636 (2017).

> [A] consent judgment can only be modified with the consent of the parties, at least in the absence of fraud, mistake, illegality, or unconscionability. *Blaske v Blaske*, 33 Mich App 210, 212; 189 NW2d 713 (1971); *Greaves v Greaves*, 148 Mich App 643, 646; 384 NW2d 830 (1986). The trial court may, however, fill voids in an incomplete consent judgment, and in so doing must balance the equities insofar as is possible under the circumstances. See *Greaves*, 148 Mich App at 646-647. The consent judgment at issue in this matter is a contract and must be treated as such pursuant to ordinary principles of contract interpretation. [*In re Lobaina Estate*, 267 Mich App 415, 417-418; 705 NW2d 234 (2005)]. [*Andrusz*, 320 Mich App at 453.]

The overarching goal of contract interpretation is to determine and give effect to the parties' intent. See *id*.

In the arbitrator's original decision, he outlined how the parties' the allocated debt and attorney fees were to be paid from the sale of the two homes. In relevant part, the divorce judgment incorporated the arbitrator's award and specified as follows:

> Subject to any applicable lien recorded by either or both parties' counsel, when the first residence is sold, $45,300 of the net proceeds will be applied to the debts being allocated to Plaintiff/Mother and the balance will be applied to debts allocated to Defendant/Father. When the second residence is sold, the balance owed by Defendant/Father on the $181,190 in debts will be paid from the net proceeds. If there is money remaining after the second residence is sold, the amount remaining will be theoretically divided into two equal amounts, one part theoretically for Defendant/Father and the other one for Plaintiff/Mother. From Defendant/Father's

---

[2] It appears that the trial court may have issued an order denying the motion for reconsideration on the same day it was filed. The court later explained that it may not have timely ruled on the motion because plaintiff failed to file a copy of the motion with the judge's chambers.

[3] This Court reviews de novo legal questions, including the interpretation of the terms of a consent judgment of divorce. *Holmes v Holmes*, 281 Mich App 575, 587; 760 NW2d 300 (2008).

theoretical one-half, $50,000 will be paid to Plaintiff/Mother's counsel by the title company at closing if there are sufficient funds, and, if not, then the balance will be immediately paid to Zainab's counsel. Plaintiff/Mother will receive her one half of the funds when the second house is sold.

The problem with this proposed distribution was that the judgment of divorce gave priority to the attorney liens, and the net equities in both properties was insufficient to cover the amounts owed to the parties' attorneys.

When defendant moved for clarification of the judgment with regard to disbursing the sale proceeds from the Auburn Hills property, the trial court resolved the issue by ordering as follows:

6. At the time of the entry of this Order, the sale of the Auburn Hills Property is pending. From the net proceeds of the sale of the Auburn Hill[s] Property:

a. [Plaintiff's attorney,] Foley & Mansfield, PLLP, shall receive 50% of the net proceeds of the sale toward the satisfaction of its lien, *which shall be credited equally toward the lien owed by Plaintiff and Defendant*. To the extent this payment does not satisfy Plaintiff's attorney fee obligation, Defendant's $50,000 obligation, or both, Foley & Mansfield, PLLP, shall have a lien against the Sterling Height Property for the remainder.

b. [Defendant's attorney,] Eisenberg & Spilman, PLLC, shall receive 50% of the remaining net proceeds toward the satisfaction of its lien against assets awarded to Defendant. To the extent this payment does not satisfy Defendant's attorney fee obligation, Eisenberg & Spilman, PLLC, shall have a lien against the Sterling Heights Property for the remainder.

c. The lienholders shall sign such partial releases as necessary to effectuate the intent set forth above. [Emphasis added.]

As plaintiff argues, by giving defendant equal credit for the amount paid to plaintiff's attorney, the trial court essentially awarded defendant 75 percent of the home's equity. That is, in addition to the one-half of the proceeds that went to defendant's attorney, defendant was awarded equal credit of the other half of the proceeds directed to plaintiff's attorney, which reduced defendant's $50,000 attorney fee obligation. We agree with plaintiff that this was inconsistent with the parties' expressed intent in the consent judgment of divorce.

The parties agreed that they each had a 50% interest in the profit from the sales of the homes. Defendant was awarded 75% of the marital debt, but the trial court's September 16, 2019 order concerned only the payment of attorney fees, not the unsecured debt. And the judgment of divorce clearly states that the $50,000 that defendant owed toward plaintiff's attorney fees would be paid from *his* one-half of the proceeds arising from the sale of the properties. The trial court turned this provision on its head when it gave defendant equal credit for attorney fees that were paid from plaintiff's half of the Auburn Hills property proceeds. This reduced defendant's attorney fee obligation by $33,567.46. The court made the same mistake when it later credited defendant $16,432.54 out of plaintiff's share of the Sterling Heights home proceeds toward the remaining balance he owed plaintiff's attorney. In effect, defendant did not pay any of his $50,000 obligation

toward plaintiff's attorney fees. That obligation was satisfied solely from plaintiff's share of the sale proceeds.

In sum, aside from the unsecured marital debt, the consent judgment of divorce called for the sales proceeds from both properties to be divided equally between plaintiff and defendant. The fact that defendant was ordered to pay $50,000 toward plaintiff's attorney fees did not entitle him to more than 50% of the net proceeds. The trial court therefore erred by ordering a "75/25" debt split as to payment of the parties' attorney fees. On remand, the trial court shall enter orders consistent with this opinion. Given our resolution, we need not address the additional arguments raised by plaintiff.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs under MCR 7.209 as the prevailing party.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro